David A. Berstein (State Bar No. 204472)
J. R. Dimuzio (State Bar No. 299803)
Kia Mojabe (State Bar No. 336063)
BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660
T:  949.783.4210
E-mail: *david@bersteinlaw.com; jr@bersteinlaw.com; kia@bersteinlaw.com*

Attorneys for Plaintiff PETUNIA PRODUCTS INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| PETUNIA PRODUCTS INC. doing business as BILLION DOLLAR BEAUTY and BILLION DOLLAR BROWS, a California corporation,<br><br>     Plaintiff,<br><br>v.<br><br>ANASTASIA BEVERLY HILLS, LLC, a California limited liability company; ANASTASIA SOARE, an individual; OPRAH DAILY LLC, a Delaware limited liability company; OPRAH WINFREY, an individual; PENGUIN RANDOM HOUSE LLC, a New York limited liability company; ULTA BEAUTY, INC., a Delaware corporation; and DOES 1 through 20,<br><br>     Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Federal Trademark Infringement in Violation of 15 U.S.C. § 1114**<br><br>2. **False Designation of Origin/Federal Unfair Competition Under 15 U.S.C. § 1125(a)**<br><br>3. **Contributory Trademark Infringement**<br><br>4. **Common-Law Trademark Infringement (Passing Off)**<br><br>5. **Intentional Interference with Prospective Economic Advantage**<br><br>6. **Negligent Interference with Prospective Economic Relations**<br><br>7. **Trade Dress Infringement Under 15 U.S.C. § 1125(a)**<br><br>8. **Common-Law Unfair Competition** |

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

9. **False Advertising in Violation of Cal. Business & Professions Code §17500, *et seq.***

10. **Violation of California Business & Professions Code §§ 17200, *et seq.***

**–JURY TRIAL DEMANDED–**

**TO THE COURT:** Plaintiff PETUNIA PRODUCTS INC., doing business as BILLION DOLLAR BEAUTY® and BILLION DOLLAR BROWS®, hereby complains and alleges as follows:

## PARTIES

1.      Plaintiff PETUNIA PRODUCTS INC. (hereinafter "PPI" and/or "Plaintiff"), is a California corporation with its principal place of business located within this judicial district in Irvine, California.  Plaintiff does business under the international and nationally recognized BILLION DOLLAR BEAUTY® and BILLION DOLLAR BROWS® brand.

2.      Defendant ANASTASIA BEVERLY HILLS, LLC (hereinafter "ANASTASIA BEVERLY HILLS") is a California limited liability company with its headquarters located in Beverly Hills, California.

3.      Defendant ANASTASIA SOARE (hereinafter "SOARE") is an individual residing in this judicial district.

4.      Defendant OPRAH WINFREY (hereinafter "WINFREY") is an individual residing in this judicial district.

5.      Defendant OPRAH DAILY LLC (hereinafter "OPRAH DAILY") is a Delaware limited liability company with its headquarters in New York, New York.

6.      Defendant PENGUIN RANDOM HOUSE LLC (hereinafter "PENGUIN") is a New York limited liability company with its headquarters in New York, New York.

7.      Defendant ULTA BEAUTY, INC. (hereinafter "ULTA") is a Delaware corporation with its headquarters in Bolingbrook, Illinois.

8.    Defendants Does 1 through 20, whose identities and addresses are unknown to Plaintiff PPI, are individuals and/or corporate entities that engaged in the unlawful activities complained of herein.  The Complaint will be amended, if appropriate, to include the name or names of these individuals and/or corporate entities when such information becomes available.

9.    Plaintiff PPI is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants, including all Defendants sued under fictitious names, and those agents, employees, and/or independent contractors identified herein, were the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

10.    Defendants ANASTASIA BEVERLY HILLS, LLC, SOARE, WINFREY, OPRAH DAILY, PENGUIN, ULTA, and Does 1 – 20 shall be collectively referred to in this Complaint as "Defendants" where applied.

## JURISDICTION AND VENUE

11.    This action arises from infringement of a Federally-Registered Trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)); from unfair competition and false designation of origin or sponsorship in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); from trademark infringement and dilution in violation of California Business and Professions Code § 14200; unfair competition and false advertising in violation of California Business and Professions Code §§ 17200, *et seq*. and 17500, *et seq*.

12.    The Court possesses subject-matter jurisdiction over the federal trademark, unfair competition, and false designation of origin or sponsorship claims in this action, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

13.    The Court possesses subject-matter jurisdiction over the California State Law claims, pursuant to 28 U.S.C. §§ 1338 and 1367.

/ / /

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

14.    The Court may exercise personal jurisdiction over each Defendant because they reside, have contacts with, and/or conduct substantial business within the State of California and this judicial district. Defendants offer products and/or are directly marketing a related product which directly compete with Plaintiff PPI's products in this judicial district and unlawfully use Plaintiff PPI's registered trademarks in related online advertising disseminated in this judicial district and intentionally targeted to this judicial district, in order to promote competing cosmetic products for sale in this judicial district, causing tortious injury to Plaintiff PPI within this judicial district.

15.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), as Defendants transact affairs in this district, including by unlawfully offering to sell, marketing and promoting for sale, and selling confusing and competing products in this judicial district, in connection with Plaintiff PPI's trademark.

## GENERAL FACTUAL ALLEGATIONS

### A.    PLAINTIFF PPI'S BUSINESS.

16.    Plaintiff PPI is an international and national cosmetics company who, over the last twenty-one (21) years, conducts business and manufactures, distributes, markets, offers for sale, and sells its cosmetic products, throughout Australia, Asia, Europe, and North America, under numerous federally registered trademarks, and specifically the Raising Brows®, Billion Dollar Brows®, and Billion Dollar Beauty® trademarks (herein collectively referred to as "Plaintiff PPI's TRADEMARKS).

17.    Plaintiff PPI manufactures, distributes, markets, offers for sale, and sells its products throughout various international and national retailers, television, print, social media, and e-commerce channels of trade including, without limitation, Amazon (one of its top retailers), QVC, with whom it has reached the monumental occasion of selling out products, Walgreens, Cosmoprof (Sally Beauty), T.J. Maxx and Marshalls, TikTok Shop, Target +, Walmart, iHerb, and via its own E-commerce websites located at the domains: *https://billiondollarbrows.com/*, *https://billiondollarbeauty.com/*, and *https://pro.billiondollarbrows.com*.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

18.    Since its inception in 2004 in Los Angeles, California, Plaintiff PPI has been selling eyebrow cosmetics. Since then, Plaintiff PPI's product line has grown over the years, selling not only eyebrow cosmetics, but also face, lip, eyes, hair cosmetics, as well as patented tools and brushes.

19.    Plaintiff PPI has the following federally registered trademarks in International Classes for cosmetics and/or other goods and services: "ARCH BY BILLION DOLLAR BROWS," BDB," "BDB," "BDB BILLION DOLLAR BRUSHES," "BEAUTY ABOVE THE MASK," "BFY," "BILLION DOLLAR BEAUTY," "BILLION DOLLAR BOX," "BILLION DOLLAR BRANDS," "BILLION DOLLAR BRANDS," "BILLION DOLLAR BROW LIFT," "BILLION DOLLAR BROWS," "BILLION DOLLAR BRUSHES," "BILLION DOLLAR BUBBLY," "BROW BUDDY," "BROW BUTTER," "BROWS ON POINT," "BUMP IT UP," "FLASH & FILTER: HIGHLIGTHER & CONCEALER," "FOREVER LASH," "HINT OF TINT BROW GEL," and "RAISING BROWS."

20.    Among its consumers, its competitors, and the public, Plaintiff PPI is known for its "Billion Dollar" named products, services, branding, advertisements, and marketing.

### B.    PLAINTIFF'S RAISING BROWS® MARK.

21.    Plaintiff PPI owns all right, title, and interest in the RAISING BROWS® trademark which is the subject of U.S. Trademark Reg. No. 6971868 (Reg. Date February 7, 2023, in International Class 3) ("RAISING BROWS TRADEMARK"). A true and correct copy of the RAISING BROWS TRADEMARK registration is incorporated by reference and attached as **Exhibit "A."**

22.    As a result of the extensive, exclusive, and continued use of the RAISING BROWS TRADEMARK in connection with Raising Brows® eyebrow pencils and eyebrow cosmetics, consumers have come to recognize and identify the RAISING BROWS TRADEMARK as representative of high-quality eyebrow utensils and cosmetics to be used for consumers' eyebrow cosmetics.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

23.    The RAISING BROWS TRADEMARK has become a valuable asset of Plaintiff PPI as well as a symbol of its goodwill and positive reputation.

24.    Plaintiff PPI brings this lawsuit to protect the substantial goodwill it has developed in its distinctive RAISING BROWS TRADEMARK.

25.    Defendants' actions, alleged herein, have threatened to harm, harmed, and continue to harm and impair the goodwill and reputation for the high-quality RAISING BROWS® products Plaintiff PPI has worked hard to cultivate in an extremely competitive industry.

26.    Defendants have used, and continue to use, the RAISING BROWS TRADEMARK and/or confusingly similar marks extensively in their marketing efforts to offer products to the same consumers served by Plaintiff PPI.

C.    **PLAINTIFF'S BILLION DOLLAR BEAUTY® MARK.**

27.    Plaintiff PPI owns all right, title, and interest in the BILLION DOLLAR BEAUTY® trademark which is the subject of U.S. Trademark Reg. No. 5833184 (Reg. Date August 13, 2019, in International Class 3) ("BILLION DOLLAR BEAUTY TRADEMARK"). A true and correct copy of the BILLION DOLLAR BEAUTY TRADEMARK registration is incorporated by reference and attached as **Exhibit "B."**

28.    As a result of the extensive, exclusive, and continued use of the BILLION DOLLAR BEAUTY TRADEMARK in connection with Billion Dollar Beauty® eyebrow colors; eyebrow cosmetics; eyebrow gel; eyebrow pencils; eyebrow powder; make-up; make-up kits comprised of eyebrow concealer and highlighter; make-up pencils; make-up powder; make-up sets; cosmetic pencils; cosmetics and make-up; eye make-up; and eyes make-up, consumers have come to recognize and identify the BILLION DOLLAR BEAUTY TRADEMARK as representative of high-quality eyebrow colors; eyebrow cosmetics; eyebrow gel; eyebrow pencils; eyebrow powder; make-up; make-up kits comprised of eyebrow concealer and highlighter; make-up pencils; make-up powder; make-up sets; cosmetic pencils; cosmetics and make-up; eye make-up; and eyes make-up.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

29.    The BILLION DOLLAR BEAUTY TRADEMARK has become a valuable asset of Plaintiff PPI as well as a symbol of its goodwill and positive reputation.

30.    Plaintiff PPI brings this lawsuit to protect the substantial goodwill it has developed in its distinctive BILLION DOLLAR BEAUTY TRADEMARK.

31.    Defendants' actions, alleged herein, have threatened to harm, harmed, and continue to harm and impair the goodwill and reputation for the high-quality BILLION DOLLAR BEAUTY® eyebrow products referenced above which Plaintiff PPI has worked hard to cultivate in an extremely competitive industry.

32.    Defendants have used, and continue to use, the BILLION DOLLAR BEAUTY TRADEMARK and/or confusingly similar marks extensively in their marketing efforts to offer products to the same consumers served by Plaintiff PPI.

**D.    PLAINTIFF'S BILLION DOLLAR BROWS® MARK.**

33.    Plaintiff PPI owns all right, title, and interest in the BILLION DOLLAR BROWS® trademark which is the subject of U.S. Trademark Reg. No. 3027433 (Reg. Date December 13, 2005, in International Class 3) ("BILLION DOLLAR BROWS TRADEMARK"). A true and correct copy of the BILLION DOLLAR BROWS TRADEMARK registration is incorporated by reference and attached as **Exhibit "C."**

34.    Plaintiff's BILLION DOLLAR BROWS TRADEMARK received incontestability status on or about January 18, 2011, as evidenced in **Exhibit "D."**

35.    As a result of the extensive, exclusive, and continued use of the BILLION DOLLAR BROWS TRADEMARK in connection with Billion Dollar Brows® eyebrow treatment products, namely, conditioners, pencils, and gels, consumers have come to recognize and identify the BILLION DOLLAR BROWS TRADEMARK as representative of high-quality eyebrow treatment products, namely, conditioners, pencils, and gels.

36.    The BILLION DOLLAR BROWS TRADEMARK has become a valuable asset of Plaintiff PPI as well as a symbol of its goodwill and positive reputation.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

37.    Plaintiff PPI brings this lawsuit to protect the substantial goodwill it has developed in its distinctive BILLION DOLLAR BROWS TRADEMARK.

38.    Defendants' actions, alleged herein, have threatened to harm, harmed, and continue to harm and impair the goodwill and reputation for the high-quality BILLION DOLLAR BROWS® products referenced above which Plaintiff PPI has worked hard to cultivate in an extremely competitive industry.

39.    Defendants have used, and continue to use, the BILLION DOLLAR BROWS TRADEMARK and/or confusingly similar marks extensively in their marketing efforts to offer products to the same consumers served by Plaintiff PPI.

   **E.    PLAINTIFF PPI'S BOOK.**

40.    Plaintiff PPI's Founder, Natalie Plain, has been in the eyebrow cosmetic and service industry for twenty-one (21) years.

41.    Mrs. Plain, promotes her brand and her company as cosmetic and eyebrow professionals through speaking engagements, motivation talks, and industry wide conventions, and media and press functions.

42.    Mrs. Plain, wrote a book entitled, "The Plain Truth: To Building A Billion Dollar Brand" (herein "Plaintiff PPI's BOOK"), wherein she shares her story, success, and provides business advice.

43.    For instance, in or about March 19, 2024, Mrs. Plain, was a keynote speaker at the "Women in Business Coffee Chats," where she discussed and advertised Plaintiff PPI, her brands, and her book entitled, "The Plain Truth: To Building A Billion Dollar Business." A true and correct copy of the "Women in Business Coffee Chats" advertisement is incorporated by reference and attached as "**Exhibit E**."

44.    Recently, on or about October 3, 2025, at the SheReigns movement event, Mrs. Plain, shared, as an event speaker, the "7 Plain Pillars" to building a business from Plaintiff PPI's "The Plain Truth: To Building A Billion Dollar Brand." A true and correct copy of the "SheReigns" advertisement is incorporated by reference and attached as "**Exhibit F**."

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

### F. DEFENDANT ANASTASIA BEVERY HILLS AND DEFENDANT SOARE'S HISTORY WITH PLAINTIFF PPI.

45.     In or about 2000, Mrs. Plain, first received eyebrow services by Defendant SOARE at Defendant ANASTASIA BEVERY HILLS' location.

46.     Also, in or about 2000, Mrs. Plain received eyebrow services from an individual working at Defendant ANASTASIA BEVERY HILLS, Damone Roberts.

47.     In or about 2002, Damone Roberts left Defendant ANASTASIA BEVERY HILLS and opened an eyebrow salon with Plaintiff PPI in Beverly Hills, California called THE DAMONE ROBERTS SALON. The salon was approximately a block away from Defendant ANASTASIA BEVERY HILLS' location.

48.     Later on, Plaintiff PPI sold its interest in their business to Damone Roberts.

49.     In or about 2005, Claudia Soare, Defendant ANASTASIA BEVERLY HILL's President and Defendant SOARE's daughter, requested a meeting with Plaintiff PPI's Founder, Natalie Plain, to discuss retailing Plaintiff PPI's "Brow Boost" eyebrow conditioning treatment product.

50.     Upon information and belief, Plaintiff alleges a friend had recommended the eyebrow conditioning treatment product to Defendant ANASTASIA BEVERY HILLS' President Claudia Soare, and she wanted to learn more about the "Billion Dollar Brows" brand as well as the opportunity to wholesale the eyebrow conditioning treatment product.

51.     Upon information and belief, Plaintiff alleges at the time in 2005, Defendant ANASTASIA BEVERLY HILLS did not have a product which supported conditioning eyebrows.

52.     Upon information and belief, Plaintiff alleges since Plaintiff PPI's product had been in the marketplace for over one (1) year at that point, and had a proven successful track record with clients and testimonials, Defendant ANASTASIA BEVERY HILLS' President Claudia Soare welcomed the chance to circumvent the product development phase for this type of product, which would allow her to quickly inject it into her

marketplace without having to take on the lengthy and expensive process of developing a product such as this from scratch.

53.    Plaintiff PPI shared samples of the product in advance of their meeting for review and sampling. Along with the samples, Plaintiff PPI shared a presentation which included information about Plaintiff PPI.

54.    Soon after sending the samples, Plaintiff PPI and Defendant ANASTASIA BEVERLY HILLS' President Claudia Soare met at ANASTASIA BEVERLY HILLS corporate office in Los Angeles. They discussed formulation, marketing, worldwide distribution, pricing, and explored a co-branded opportunity.

55.    Plaintiff PPI believed Defendant ANASTASIA BEVERLY HILLS' President Claudia Soare was enthusiastic about the opportunity and loved the product. Defendant ANASTASIA BEVERLY HILLS' President Claudia Soare represented the product would add value to their online, catalog, international and brick mortar sales distribution points.

56.    Plaintiff PPI was told Claudia Soare would discuss next steps with Defendant SOARE.

57.    Plaintiff PPI followed up with Claudia Soare shortly after and learned Defendant SOARE reviewed Plaintiff PPI's presentation and product and opted not move forward because Defendant SOARE viewed Plaintiff PPI's brand as a threat to her business and saw Plaintiff PPI as competitors, operating in the same industry.

58.    Claudia Soare offered to speak with Defendant SOARE again but was rejected and told, "No," as she did not want to let Plaintiff PPI compete against Defendant ANASTASIA BEVERLY HILLS.

59.    A month after the pitch and meeting, the potential for a deal was dead.

/ / /

/ / /

/ / /

/ / /

**COMPLAINT**

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

60.    Despite such events, Claudia Soare and Mrs. Plain, remained friendly, often seeing each other around Beverly Hills and at industry trade events. Both shared mutual industry friends, clientele, and makeup artists.

61.    In 2005, Plaintiff PPI opened a new salon called BILLION DOLLAR BROWS which operated until it was closed in 2013.  During this time period, both Plaintiff PPI and Defendant ANASTASIA BEVERLY HILLS shared clientele. A true and correct copy of a map showing the location of both salons in Beverly Hills is incorporated by reference and attached as "**Exhibit G**."

62.    Clients would often seek services from either Plaintiff PPI or Defendant ANASTASIA BEVERLY HILLS depending on the availability to have their eyebrows shaped.

63.    For over five (5) years, beginning in 2006, esthetician eyebrow artists would mutually train and work for Plaintiff PPI and Defendant ANASTASIA BEVERLY HILLS.

64.    Upon information and belief, Plaintiff alleges it is undeniable that Defendants SOARE and ANASTASIA BEVERY HILLS have been aware of Plaintiff PPI, Plaintiff PPI's Founder, Natalie Plain, and Plaintiff PPI's products, and Plaintiff PPI's product names and have followed Plaintiff PPI's ascent as a competitor in the industry for over twenty (20) years.

### G.    DEFENDANTS' INFRINGING PRODUCT.

65.    In addition to operating a salon, Defendant ANASTASIA BEVERLY HILLS is a cosmetics company known for its makeup products, including, but not limited to, eyebrow cosmetic products, who is in competition with Plaintiff PPI.

66.    Like Plaintiff PPI, Defendant ANASTASIA BEVERLY HILLS manufactures, distributes, markets, offers for sale, and sells its cosmetic products throughout various in-store and e-commerce channels of trade, and via its own E-commerce website located at the domain https://www.anastasiabeverlyhills.com/.

/ / /

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

67.    Upon information and belief, Plaintiff alleges Defendant PENGUIN is a publishing company who publishes "nonfiction" books "for ambitious people" through its division called Portfolio.

68.    Sometime in 2025, Defendants SOARE, ANASTASIA BEVERLY HILLS and PENGUIN announced the future publication of a book titled "Raising Brows: My Story of Building a Billion-Dollar Beauty Empire" (herein "INFRINGING PRODUCT").

69.    Upon information and belief, Plaintiff alleges Defendants SOARE, ANASTASIA BEVERLY HILLS and PENGUIN titled the book intentionally utilizing Plaintiff PPI's TRADEMARKS.

70.    Namely, the INFRINGING PRODUCT utilizes Plaintiff PPI's RAISING BROWS TRADEMARK in its entirety and identically, the BILLION DOLLAR BEAUTY TRADEMARK in its entirety and identically, and the BILLION DOLLAR BROWS TRADEMARK in a substantially similar manner, utilizing all three (3) word components of the mark. It is alleged this is not a coincidence.

71.    Upon information and belief, Plaintiff alleges Defendants' unauthorized use of Plaintiff PPI's TRADEMARKS in the title of the book and through Defendants' marketing and social media efforts is likely to cause confusion to consumers.

## H.    DEFENDANTS' MARKETING AND SOCIAL MEDIA EFFORTS.

72.    According to Defendant ANASTASIA BEVERLY HILLS' own e-Commerce website, the INFRINGING PRODUCT will be released on October 21, 2025, and will be sold by numerous retailers including Amazon.com, Barnes and Noble, Penguin Random House, Apple, Books a Million, Bookshop.org, and "anywhere books are sold". A true and correct copy of the advertising regarding the sellers of the INFRINGING BOOK on Defendant ANASTASIA BEVERLY HILLS's website is incorporated by reference and attached as **Exhibit "H."**

73.    Moreover, Defendant ANASTASIA BEVERLY HILLS is heavily marketing the INFRINGING BOOK on Defendant ANASTASIA BEVERLY HILLS' Instagram, Defendant SOARE's Instagram, and Defendant ANASTASIA BEVERLY HILLS'

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

TikTok. A true and correct copy of screenshots of Defendant ANASTASIA BEVERLY HILLS' Instagram, Defendant SOARE's Instagram, and Defendant ANASTASIA BEVERLY HILLS' TikTok are incorporated by reference and attached as "**Exhibit I**."

74.    Further, upon information and belief, Plaintiff alleges Defendants are paying to have advertising and marketing efforts using the Plaintiff PPI's trademarks, through sponsored posts on social media, particularly on Instagram. A true and correct copy of Defendants' Sponsored Social Media Posts are incorporated by reference and attached as "**Exhibit J**."

75.    For instance, when a user enters "Billion Dollar Beauty" and/or "Raising Brows" in a search on Instagram, mixed results of Defendants and Plaintiff PPI are yielded. A true and correct copy of a screenshot of a search of "Billion Dollar Beauty" and "Raising Brows" are incorporated by reference and attached as "**Exhibit K**."

76.    Before the marketing efforts for the INFRINGING PRODUCT began, results on Instagram nearly always yielded results for Plaintiff PPI without any reference to Defendants.

77.    Therefore, when social media users search "Raising Brows," "Billion Dollar Beauty," "Billion Dollar Brows," or the same or similar variations of those terms, users are now diverted to Defendants, instead of Plaintiff PPI, who is the federally registered owner of such marks and such is now causing harm to Plaintiff PPI and causing consumer confusion.

78.    Beginning in or about September 2025, Defendants began advertising for a live event entitled, "Raising Brows Live Event: Building Your Dream into a Billion-Dollar Brand" to be held on October 23, 2025 with Defendant OPRAH.

79.    Further, on or about September 17, 2025, *People.com* published an article entitled, "Anastasia Soare and Oprah Winfrey Announce Raising Brows Live Event," wherein the article states, "Ahead of the upcoming debut of her memoir Raising Brows, Soare — the founder of Anastasia Beverly Hills — will open up about building her beauty brand in Raising Brows LIVE: Building Your Dream into a Billion Dollar Brand — Anastasia

Soare in conversation with Oprah Winfrey." A true and correct copy the People.com article is incorporated by reference and attached as **Exhibit "L"**.

80.    In advertising the aforementioned event, Defendants conspicuously used the font, description, and Plaintiff PPI's TRADEMARKS. A true and correct copy of a side-by-side comparison of the March 2024 event advertisement and September 2025 are incorporated by reference and attached as "**Exhibit M**."

## I.    DEFENDANTS' GOOGLE ADWORDS CAMPAIGN.

81.    When Plaintiff PPI's TRADEMARKS are searched in Google and AI Google, and Amazon, results for Defendants are yielded raising the likelihood, on information and belief, Defendants are utilizing Plaintiff PPI's TRADEMARKS in connection with keywords.

82.    AdWords is a service provided by Google through which advertisers purchase terms (or keywords) that will trigger the display of their advertisements in Google search results.

83.    When the terms "Raising Brows" are Googled, Defendant ANASTASIA BEVERLY HILLS' website and related websites regarding the INFRINGING PRODUCT are brought to the top of the search.

84.    Before the INFRINGING PRODUCT was announced, Plaintiff PPI's website and its related websites appeared at the top of the search in Google.

85.    Upon information and belief, Plaintiff alleges since Defendants' announcement of and marketing efforts for the INFRINGING PRODUCT, consumer confusion has occurred and will continue to occur.

86.    In addition to keyword advertising, Defendant ANASTASIA BEVERY HILLS and Defendant SOARE, personally through her personal brand and social media, are advertising and marketing the INFRINGING PRODUCT through their "Raising Brows" Series, which is a series they have created on social media, particularly, on TikTok, wherein users ask Defendant ANASTASIA SOARE business and cosmetic-related inquiries.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

87.    In one of her TikToks, Defendant SOARE explains her awareness of intellectual property and the value of intellectual property rights and trademarking product names.

88.    Upon information and belief, Plaintiff alleges actual and/or potential consumers are/were likely to be confused and/or deceived by Defendants' unauthorized exploitation of Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY TRADEMARK, and BILLION DOLLAR BROWS TRADEMARK on Defendants' INFRINING PRODUCT and in connection with the marketing of the INFRINGING PRODUCT.

89.    Upon information and belief, Plaintiff alleges Defendants' infringement there is a likelihood actual confusion has occurred, and continues to occur, about the association between Plaintiff PPI and its RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY TRADEMARK, and BILLION DOLLAR BROWS TRADEMARK products, on the one hand, and Defendants and its INFRINGING PRODUCT exploiting the RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY TRADEMARK, and BILLION DOLLAR BROWS TRADEMARK, on the other hand.

90.    Upon information and belief, Plaintiff alleges this likelihood of confusion is occurring because users who search for products utilizing Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY TRADEMARK, and/or BILLION DOLLAR BROWS TRADEMARK were looking for and expected to find Plaintiff PPI's website and/or information about Plaintiff PPI's products. Instead, such users are diverted to Defendants' marketing efforts, website, and other retailers like Amazon, wherein competing products are sold alongside the INFRINGING PRODUCT.

## J.    DEFENDANT ANASTASIA BEVERLY HILLS' COMPETING PRODUCT MARKETED WITH THE INFRINGING PRODUCT.

91.    Defendant ANASTASIA BEVERY HILLS is advertising a gift with purchase of their INFRINGING PRODUCT, with a limited-edition shade of their "Brow Wiz," which is nearly identical in product packaging color, size, purpose, effect, and design to Plaintiff PPI's "Raising Brows Pen." A true and correct copy of Defendant ANASTASIA

BEVERY HILLS and Plaintiff PPI "Raising Brows Pen" side-by-side comparison is incorporated by reference and attached as "**Exhibit N**."

92.    Defendant ANASTASIA BEVERY HILLS products are typically in a black silhouette, and not in the rose gold color as advertised for the "Brow Wiz."

93.    Upon information and belief, Plaintiff alleges Defendant ANASTASIA BEVERY HILLS's advertisement of the competing product which copies the look-and-feel of Plaintiff PPI's product is driving sales away from Plaintiff PPI by adding the competing product with the sale of the INFRINGING PRODUCT. A true and correct copy of Defendant ANASTASIA BEVERY HILLS's advertisement of the "Brow Wiz" is incorporated by reference and attached as "**Exhibit O**."

## K.    DEFENDANTS WINFREY, OPRAH DAILY, PENGUIN AND ULTA'S ACTS OF CONTRIBUTORY INFRINGEMENT.

94.    Defendants WINFREY, OPRAH DAILY, PENGUIN, and ULTA are marketing the INFRINGING PRODUCT, further causing the likelihood of widespread consumer confusion. A true and correct copy of Defendant WINFREY, Defendant OPRAH DAILY, and Defendant PENGUIN's advertising and marketing are incorporated by reference and attached as "**Exhibit P**."

95.    Defendant WINFREY is widely recognized as the "Original Influencer."

96.    An "Influencer" is a person presumed to have the power to affect the purchase decisions of others due to his/her reputation, authority, knowledge, and/or relationship with his/her social media audience (followers).

97.    Modernly, this status is of significant monetary value to companies such as Defendant ANASTASIA BEVERLY HILLS.

98.    As detailed herein and on *People.com*, Defendant WINFREY and Defendant OPRAH DAILY is scheduled to host, collaborate on, and moderate the abovementioned conversation with Defendant ANASTASIA BEVERLY HILLS and Defendant SOARE at the "Raising Brows Live," live event, which will be hosted at the Wilshire Ebell Theatre in Los Angeles on October 23, 2025.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

99.     Upon information and belief, Defendant OPRAH DAILY is a magazine and digital platform, which was relaunched in 2021, after the publication of the print magazine, "O, The Oprah Magazine" ended.

100.    Upon information and belief, Plaintiff alleges Defendant OPRAH DAILY includes a website, a membership community called "Oprah Insider," a quarterly print magazine called "O Quarterly," all aimed to provide readers with storytelling and inspiration to live their lives.

101.    Upon information and belief, Plaintiff alleges Defendant PENGUIN, as publisher of the INFRINGING PRODUCT, is actively marketing and advertising the book on its e-Commerce website at *https://www.penguinrandomhouse.com/books/776754/raising-brows-by-anastasia-soare/*.

102.    Upon information and belief, Plaintiff alleges Defendants ULTA has "teamed" with Defendant ANASTASIA BEVERLY HILLS to promote the INFRINGING PRODUCT through a prize giveaway on Instagram where one "lucky winner" would receive the following:

> ✦ MicroStroke Brow Pen
> ✦ A signed copy of Anastasia's new book Raising Brows (pre-order now!)
> ✦ $200 Ulta Beauty gift card
> ✦ A bundle of iconic ABH faves



BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

103.    Upon information and belief, Plaintiff alleges that like Defendant ANASTASIA BEVERLY HILLS and Defendant SOARE, Defendants WINFREY, OPRAH DAILY, PENGUIN and ULTA, are also utilizing sponsored advertising exploiting the Plaintiff PPI TRADEMARKS to divert sales away from Plaintiff PPI.

**L.    IMPACT ON PLAINTIFF'S FOURTH QUARTER SALES.**

104.    Upon information and belief, Plaintiff alleges Defendants' use of RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY TRADEMARK, and BILLION DOLLAR BROWS TRADEMARK will drive up the cost of keyword advertising on Google, Meta, and Amazon for the keywords, "Raising Brows," "Billion Dollar Beauty," and "Billion Dollar Brows," during the crucial fourth quarter holiday selling season and beyond.

105.    Upon information and belief, Plaintiff alleges Plaintiff PPI will be forced to pay higher costs per click on keywords on their trademarks, therefore reducing their profit margins and forcing Plaintiff PPI to divert finances from their marketing budget to compete with Defendants on Google, Meta, and Amazon.

106.    The fourth quarter comprises a large amount of online yearly revenue. Having a competitor infringe three (3) of Plaintiff PPI's TRADEMARKS, including two (2) of them being Plaintiff's PPI's brand names, upon information and belief, Plaintiff alleges Plaintiff PPI's marketing costs will be driven up with a corresponding reduction in its profit margins.

107.    Upon information and belief, Plaintiff alleges consumers are confused and will continue to be confused when results for Defendants' INFRINGING PRODUCT and marketing efforts appear on Google, Meta, and Amazon when seeking results related to Plaintiff PPI's TRADEMARKS.

/ / /

/ / /

/ / /

/ / /

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

## FIRST CAUSE OF ACTION

### FEDERAL TRADEMARK INFRINGEMENT

### IN VIOLATION OF 15 U.S.C. § 1114

### BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

108.   Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 107, inclusive, and incorporates them by reference herein.

109.   As herein alleged, Defendants' willful, deliberate, and unauthorized use of Plaintiff PPI's registered RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, and BILLION DOLLAR BROWS TRADEMARK in connection with the INFRINGING PRODUCT and their marketing efforts alleged above has caused confusion and is likely to continue to cause confusion, mistake, and deception as consumers are likely to associate and believe Defendants are associated with, connected to, affiliated with, authorized by, endorsed by, licensed by, and/or sponsored by Plaintiff PPI, in violation of Section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

110.   As a direct and legal result of Defendants' unauthorized use of Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, and BILLION DOLLAR BROWS TRADEMARK in connection with the INFRINGING PRODUCT and their marketing efforts alleged above, Defendants have damaged and will continue to damage Plaintiff PPI's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff PPI.

111.   Defendants' actions have caused and, unless restrained and enjoined by the Court, will continue to cause irreparable harm to Plaintiff PPI and to the public, who is confused by Defendants' unauthorized use of Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, and BILLION DOLLAR BROWS TRADEMARK.

112.   Plaintiff PPI has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff PPI.

113.   As a further direct and legal result of Defendants' actions, Plaintiff PPI has been damaged, and will continue to sustain damage, and is entitled to receive compensation

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

arising from its lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

114.   In addition, Plaintiff PPI is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial.

115.   Plaintiff PPI is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

116.   The damages sustained by Plaintiff PPI as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## SECOND CAUSE OF ACTION

## FALSE DESIGNATION OF ORIGIN/FEDERAL UNFAIR COMPETITION

## UNDER 15 U.S.C. § 1125(a)

## BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

117.   Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 116, inclusive, and incorporates them by reference herein.

118.   As herein alleged, Defendants' unauthorized use of Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, and BILLION DOLLAR BROWS TRADEMARK in connection with their purported offering for sale and selling of the INFRINGING PRODUCT constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants' exploitation suggests a false designation of the origin of the goods they are purporting to sell.

119.   As a direct and legal result Defendants' unauthorized use of the RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, and BILLION DOLLAR BROWS TRADEMARK in connection with the INFRINGING PRODUCT and their marketing efforts, Defendants have damaged and will continue to damage Plaintiff PPI and Plaintiff PPI's goodwill and reputation; and have caused and are likely to continue to cause a loss of profits for Plaintiff PPI.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

120.   Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff PPI and to the public, who is confused by Defendants' unauthorized use of Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, and BILLION DOLLAR BROWS TRADEMARK in connection with the INFRINGING PRODUCT and their marketing efforts, unless restrained and enjoined by this Court.

121.   Plaintiff PPI has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff PPI.

122.   As a further direct and legal result of Defendants' unlawful actions, Plaintiff PPI has been damaged and will continue to sustain damage and is entitled to receive compensation arising from Plaintiff PPI's lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

123.   In addition, Plaintiff PPI is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorney's fees and costs in bringing this action, all in an amount to be proven at the time of Trial.

124.   Plaintiff PPI is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

## THIRD CAUSE OF ACTION

### CONTRIBUTORY TRADEMARK INFRINGEMENT

### BY PLAINTIFF PPI AGAINST DEFENDANTS WINFREY, OPRAH DAILY, PENGUIN, AND ULTA

125.   Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 124, inclusive, and incorporates them by reference herein.

126.   Plaintiff PPI is the owner and registrant of the RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, and BILLION DOLLAR BROWS TRADEMARK.

127.   Defendants have provided or caused to be provided to co-Defendant WINFREY, co-Defendant OPRAH DAILY, co-Defendant PENGUIN, and ULTA, the INFRINGING PRODUCT with knowledge, expectation, and/or intention Defendants would use the

INFRINGING PRODUCT in connection with the marketing of the INFRINGING PRODUCT.

128.   Defendants, including co-Defendant WINFREY, co-Defendant OPRAH DAILY, co-Defendant PENGUIN, and ULTA have not been granted any right to use Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, and BILLION DOLLAR BROWS TRADEMARK in the United States or elsewhere.

129.   Defendants unauthorized use and exploitation of the INFRINGING PRODUCT bearing Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, and BILLION DOLLAR BROWS TRADEMARK supplied by Defendants have caused and/or are likely to cause confusion or mistake, or to deceive consumers regarding the source, sponsorship, and/or affiliation of the INFRINGING PRODUCT.

130.   Defendants have intentionally induced or contributed to or knowingly participated in the infringement of Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, and BILLION DOLLAR BROWS TRADEMARK by Defendant ANASTASIA BEVERLY HILL's promoters, co-Defendant WINFREY, co-Defendant OPRAH DAILY, co-Defendant PENGUIN, and ULTA.

131.   Defendants have acted willfully and deliberately and have profited from the infringement of Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS TRADEMARK.

132.   As a direct and legal result of Defendants' unauthorized use of Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS TRADEMARK, Defendants have damaged and will continue to damage Plaintiff PPI's goodwill and reputation and have caused and are likely to continue to cause a loss of profits for Plaintiff PPI.

133.   Defendants' actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Plaintiff PPI and to the public, who are confused by Defendants' unauthorized use of Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS

TRADEMARK. Plaintiff PPI has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

134. As a further direct and legal result of Defendants' actions, Plaintiff PPI has been damaged and will continue to sustain damage and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent consumer confusion, in an amount to be proven at the time of Trial.

135. In addition, Plaintiff PPI is entitled to disgorge Defendants' profits, to interest, and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of Trial.

136. Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

137. The damages sustained by Plaintiff PPI as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## FOURTH CAUSE OF ACTION

### COMMON-LAW TRADEMARK INFRINGEMENT (PASSING OFF)

### BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

138. Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 137, inclusive, and incorporates them by reference herein.

139. As alleged, Plaintiff PPI is the owner of its RAISING BROWS® trademark (the "RAISING BROWS TRADEMARK"), its BILLION DOLLAR BEAUTY® trademark ("BILLION DOLLAR BEAUTY"), and its BILLION DOLLAR BROWS® trademark (the "BILLION DOLLAR BROWS TRADEMARK"). Plaintiff PPI also owns and uses additional federally-registered and common-law marks identified in this Complaint (collectively, "Plaintiff PPI's TRADEMARKS"). Plaintiff PPI has used Plaintiff PPI's TRADEMARKS extensively and continuously in commerce, and they have become valuable assets symbolizing Plaintiff PPI's goodwill and reputation.

140. Without authorization, Defendants have used, and continue to use, designations identical to and/or confusingly similar to Plaintiff PPI's TRADEMARKS in connection

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

with marketing and promoting for sale, and selling confusing and competing products, including in connection with the INFRINGING PRODUCT and related marketing efforts directed to the same consumers served by Plaintiff PPI.

141.   Defendants' unauthorized uses are likely to cause, have caused, and will continue to cause consumer confusion, mistake, or deception as to the affiliation, connection, association, sponsorship, or approval of Defendants, the INFRINGING PRODUCT, and Defendants' marketing efforts, with or by Plaintiff PPI. Such confusion includes diversion of consumer interest intended for Plaintiff PPI's TRADEMARKS and products, loss of control over Plaintiff PPI's brand reputation, and damage to Plaintiff PPI's goodwill.

142.   As a direct and legal result of Defendants' wrongful acts, Plaintiff PPI has been damaged and will continue to sustain damage, including lost profits and increased efforts necessary to minimize and/or prevent customer and consumer confusion, in amounts to be proven at trial. Plaintiff PPI has no adequate remedy at law to prevent Defendants from continuing their infringing actions and injuring Plaintiff PPI, and Plaintiff PPI is entitled to injunctive and monetary relief, including disgorgement of Defendants' profits, interest, and attorneys' fees and costs, as permitted by law.

## FIFTH CAUSE OF ACTION

### INTENTIONAL INTERFERENCE
### WITH PROSPECTIVE ECONOMIC ADVANTAGE
### BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

143.   Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 142, inclusive, and incorporates them by reference herein.

144.   Plaintiff PPI maintains ongoing and identifiable economic relationships with existing and prospective customers, retail partners, distributors, and direct-to-consumer purchasers, including repeat customers and cohorts who search for, follow, and purchase products offered under Plaintiff PPI's TRADEMARKS (collectively, the "Prospective

Business Relationships"). These relationships carried a reasonable probability of present and future economic benefit to Plaintiff PPI.

145. Defendants knew of the Prospective Business Relationships. Defendants had actual and constructive knowledge of Plaintiff PPI, Plaintiff PPI's TRADEMARKS, Plaintiff PPI's channels of trade and consumer base, and the seasonal marketing calendar and demand patterns for beauty/cosmetics products.

146. With knowledge of the Prospective Business Relationships, Defendants intentionally engaged in wrongful acts designed to disrupt them, including but not limited to the following commercial advertising and promotional activities: (a) purchasing and deploying paid search keywords, social media ads, sponsored posts, and promotional placements incorporating and/or keyed to Plaintiff PPI's TRADEMARKS; (b) using confusingly similar designations in hashtags, captions, headlines, metatags, and event branding to divert consumers searching for Plaintiff PPI; (c) bundling and promoting Defendants' book with cosmetics and beauty products through "gift with purchase," cross-promotions, and retail tie-ins; and (d) promoting ticketed/live events and retail/e-commerce listings that trade on the goodwill associated with Plaintiff PPI's TRADEMARKS, all targeted to actual and potential purchasers in Plaintiff PPI's market.

147. Each of the foregoing acts constitutes independently wrongful conduct, including common-law trademark infringement/passing off, unfair competition, false designation and false endorsement under 15 U.S.C. § 1125(a), and violations of California statutory and common law, and was undertaken to obtain a commercial advantage by diverting consumer attention, demand, and sales away from Plaintiff PPI.

148. Defendants' intentional commercial activities, as alleged, caused actual disruption and interference with the Prospective Business Relationships by, among other things, diverting consumers and retail partners, increasing Plaintiff PPI's customer-acquisition costs, degrading conversion rates, and confusing consumers as to the source, sponsorship, affiliation, or approval of Defendants' commercial promotions.

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

149.   As a direct and legal result of Defendants' intentional interference, Plaintiff PPI has suffered and will continue to suffer economic harm, including lost sales and profits, damage to goodwill, and market harm in amounts to be proven at trial. Plaintiff PPI has also suffered irreparable injury, including loss of control over the commercial magnetism of Plaintiff PPI's TRADEMARKS and consumer relationships, for which there is no adequate remedy at law.

150.   Defendants committed the foregoing acts willfully and with oppression, fraud, or malice, warranting an award of punitive and exemplary damages under California law.

## SIXTH CAUSE OF ACTION

### IN THE ALTERNATIVE TO THE SEVENTH CAUSE OF ACTION

### NEGLIGENT INTERFERENCE

### WITH PROSPECTIVE ECONOMIC RELATIONS

### BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

151.   Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 150, inclusive, and incorporates them by reference herein.

152.   Plaintiff PPI maintains ongoing and identifiable economic relationships with existing and prospective customers, retail partners, distributors, and direct-to-consumer purchasers, including repeat customers and cohorts who search for, follow, and purchase products offered under Plaintiff PPI's TRADEMARKS (collectively, the "Prospective Business Relationships"). These relationships carried a reasonable probability of present and future economic benefit to Plaintiff PPI.

153.   Defendants knew or, in the exercise of reasonable care, should have known of Plaintiff PPI, Plaintiff PPI's TRADEMARKS, Plaintiff PPI's channels of trade and consumer base, and the seasonal demand patterns and marketing calendar for beauty/cosmetics products. It was reasonably foreseeable that Defendants' commercial advertising and promotional activities directed to the same consumers could disrupt the Prospective Business Relationships.

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

154.    Defendants owed a duty to exercise reasonable care to avoid negligently interfering with Plaintiff PPI's Prospective Business Relationships, including a duty to conduct their <u>commercial</u> advertising and promotion in a manner that did not mislead consumers, trade on Plaintiff PPI's TRADEMARKS, or unreasonably divert consumer demand for goods sold under Plaintiff PPI's TRADEMARKS.

155.    Defendants breached their duty of care by, among other things, negligently planning, authorizing, supervising, and executing <u>commercial</u> advertising and promotional activities that used designations identical to and/or confusingly similar to Plaintiff PPI's TRADEMARKS and were targeted to actual and potential purchasers of beauty/cosmetics products. Such negligent acts and omissions include, without limitation: (a) purchasing and deploying paid search keywords, social media ads, sponsored posts, and promotional placements incorporating and/or keyed to Plaintiff PPI's TRADEMARKS; (b) using confusingly similar designations in hashtags, captions, headlines, metatags, and event branding likely to divert consumers searching for Plaintiff PPI; (c) bundling and promoting Defendants' book with cosmetics and beauty products through "gift with purchase," cross-promotions, and retail tie-ins; and (d) failing to implement reasonable clearance, compliance, and quality-control measures (including instructions to agencies and vendors) to prevent misleading or confusing <u>commercial</u> promotions directed to Plaintiff PPI's customers and retail partners.

156.    As a direct and legal result of Defendants' negligent <u>commercial</u> conduct, the Prospective Business Relationships were actually disrupted and interfered with, including by diverting consumers and retail partners, increasing Plaintiff PPI's customer-acquisition costs, degrading conversion rates, and causing confusion as to the source, sponsorship, affiliation, or approval of Defendants' <u>commercial</u> promotions.

157.    As a further and alternative allegation, Defendants' negligent <u>commercial</u> conduct also constituted independently wrongful acts under federal and state law, including common-law trademark infringement/passing off, unfair competition, and false

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

designation and false endorsement under 15 U.S.C. § 1125(a), as well as violations of California statutory and common law.

158.  As a direct and legal result of the foregoing, Plaintiff PPI has suffered and will continue to suffer economic harm, including lost sales and profits, damage to goodwill, and market harm in amounts to be proven at trial. Plaintiff PPI has also suffered irreparable injury, including loss of control over the commercial magnetism of Plaintiff PPI's TRADEMARKS and consumer relationships, for which there is no adequate remedy at law.

## SEVENTH CAUSE OF ACTION
### TRADE DRESS INFRINGEMENT
### IN VIOLATION OF 15 U.S.C. § 1125(a)
### BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

159.  Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 158, inclusive, and incorporates them by reference herein.

160.  Plaintiff PPI designs, markets, and sells its "Raising Brows" brow-defining pen (the "RB PEN"). In addition to Plaintiff PPI's TRADEMARKS, the RB PEN is sold and promoted with a distinctive, nonfunctional, and source-identifying overall look and feel—the RB PEN's trade dress—which consumers associate exclusively with Plaintiff PPI (the "RB PEN TRADE DRESS").

161.  The RB PEN TRADE DRESS includes, without limitation, the following combination and arrangement of features: (a) a slim, elongated pen form factor with balanced cap-to-barrel proportions; (b) a refined metallic rose-gold palette and finish across the componentry; (c) minimalist typography in a contrasting, clean sans-serif font with specific word order and capitalization; (d) text placement and alignment along the barrel at defined offsets from the pen cap and ferrule; (e) a plain barrel free of ornamentation other than the foregoing typography; (f) a matching cap with uniform finish and a seamless silhouette when closed; and (g) coordinated secondary packaging reflecting the same color palette, typography, and minimalist layout (collectively, the

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

"RB PEN TRADE DRESS ELEMENTS"). The protectable trade dress resides in the total image and overall commercial impression created by the RB PEN TRADE DRESS ELEMENTS, not in any individual element viewed in isolation.

162.  The RB PEN TRADE DRESS is nonfunctional. Neither the rose-gold palette, typography choices, minimal layout, nor the specific arrangement and proportions of the RB PEN TRADE DRESS ELEMENTS affect the cost, quality, or mechanical performance of the product in any material way, and numerous alternative designs are available to competitors to achieve any utilitarian objectives. The RB PEN TRADE DRESS serves primarily to identify source and distinguish Plaintiff PPI's product in the marketplace.

163.  Through substantial, continuous use and promotion, point-of-sale presentation, retailer displays, online merchandising, social media exposure, and sales to consumers nationwide, the RB PEN TRADE DRESS has acquired secondary meaning. Consumers, retailers, and industry participants recognize the RB PEN TRADE DRESS as designating Plaintiff PPI as the singular source of products bearing that look and feel.

164.  Without authorization, Defendants introduced, are marketing, offering for sale, selling, and gifting with the INFRINGING PRODUCT, a limited-edition "Brow Wiz" product (the "BROW WIZ LIMITED EDITION") whose packaging and product design adopt and emulate the RB PEN TRADE DRESS, including a substantially similar rose-gold presentation, minimalist typography and placement, and the overall clean, unadorned pen silhouette and coordinated secondary packaging. The BROW WIZ LIMITED EDITION thereby copies the total image and overall commercial impression of the RB PEN TRADE DRESS and is confusingly similar thereto.

165.  Defendants have used and continue to use the BROW WIZ LIMITED EDITION in interstate commerce in the United States, including through retail partners and e-commerce channels that overlap with Plaintiff PPI's channels of trade and target the same classes of consumers.

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

166.    Defendants' use of a confusingly similar trade dress is likely to cause, and has caused, consumer confusion, mistake, and deception as to the source, sponsorship, affiliation, or approval of Defendants' product, including point-of-sale confusion and post-sale confusion when the BROW WIZ LIMITED EDITION is encountered in the marketplace.

167.    As a direct and legal result of Defendants' trade dress infringement, Plaintiff PPI has suffered and will continue to suffer irreparable harm, including loss of control over the RB PEN TRADE DRESS, dilution of its distinctiveness, damage to goodwill and brand reputation, diversion of sales, and market harm that cannot be fully compensated by monetary damages.

168.    Defendants committed the foregoing acts willfully and with knowledge of Plaintiff PPI's rights, intending to trade on the commercial magnetism and goodwill embodied in the RB PEN TRADE DRESS. Plaintiff PPI is therefore entitled to enhanced and exemplary relief to the extent permitted by law.

169.    Plaintiff PPI lacks an adequate remedy at law. Unless enjoined, Defendants will continue their wrongful conduct, causing further irreparable injury to Plaintiff PPI and to the consuming public.

## EIGHTH CAUSE OF ACTION

### COMMON-LAW UNFAIR COMPETITION
### BY PLAINTIFF PPI AGAINST ALL DEFENDANTS

170.    Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 169, inclusive, and incorporates them by reference herein.

171.    Plaintiff PPI has expended substantial time, effort, and resources to develop the goodwill embodied in Plaintiff PPI's TRADEMARKS and in the distinctive look and feel of the RB PEN TRADE DRESS. As a result, Plaintiff PPI's TRADEMARKS and RB PEN TRADE DRESS have come to signify Plaintiff PPI as the sole source of the goods offered under those indicia, and they constitute valuable business assets and property rights.

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

172.   Without authorization, Defendants have engaged in unfair competition under California common law by misappropriating and trading upon the goodwill associated with Plaintiff PPI's TRADEMARKS and RB PEN TRADE DRESS and by passing off Defendants' goods and <u>commercial</u> promotions as being affiliated with, sponsored by, approved by, or otherwise connected to Plaintiff PPI. Defendants' wrongful acts include, without limitation: (a) using designations identical to and/or confusingly similar to Plaintiff PPI's TRADEMARKS in advertising, promotional materials, hashtags, captions, metatags, paid search/keywords, and event branding; (b) marketing and selling a limited-edition "Brow Wiz" product that copies the total image and overall commercial impression of the RB PEN TRADE DRESS; (c) pairing and promoting Defendants' book with cosmetics products through "gift with purchase," cross-promotions, and retail tie-ins; and (d) directing consumers to retail and e-commerce listings using confusingly similar designations and imagery, all to divert and capture consumer demand intended for Plaintiff PPI.

173.   Defendants' conduct is likely to cause, has caused, and will continue to cause consumer confusion, mistake, and deception as to the source, sponsorship, affiliation, or approval of Defendants' goods, services, and promotions, including initial-interest confusion, point-of-sale confusion, and post-sale confusion. Defendants' actions unlawfully appropriate the commercial magnetism of Plaintiff PPI's TRADEMARKS and RB PEN TRADE DRESS and constitute palming off/passing off and misappropriation of Plaintiff PPI's goodwill.

174.   As a direct and legal result of Defendants' unfair competition, Plaintiff PPI has suffered and will continue to suffer irreparable harm, including loss of control over its reputation and goodwill, loss of distinctiveness in Plaintiff PPI's TRADEMARKS and RB PEN TRADE DRESS, diversion of sales, increased customer-acquisition costs, harm to retailer relationships, and other market injuries that cannot be fully remedied by monetary damages alone.

175.    Defendants committed the foregoing acts willfully, knowingly, and with conscious disregard of Plaintiff PPI's rights, intending to capitalize on Plaintiff PPI's goodwill. Plaintiff PPI is therefore entitled to punitive and exemplary damages under California law.

176.    Plaintiff PPI lacks an adequate remedy at law. Unless enjoined, Defendants will continue their wrongful conduct, causing further irreparable injury to Plaintiff PPI and to the consuming public.

**NINTH CAUSE OF ACTION**

**FALSE ADVERTISING IN VIOLATION OF**

**CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500, *ET SEQ*.**

**BY PLAINTIFF PPI AGAINST ALL DEFENDANTS**

177.    Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 176, inclusive, and incorporates them by reference herein.

178.    The actions of Defendants herein alleged are unfair and unlawful, and also violate California Business and Professions Code §§ 17500, *et seq*.

179.    As a result of the Defendants' false and misleading advertising, potential and actual consumers have been, and will continue to be, misled about the source and legitimacy of the INFRINGING PRODUCT being wrongfully exploited, marketed, advertised, and sold by Defendants bearing Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS TRADEMARK.

180.    Defendants knew the advertising was untrue and misleading and willfully continued to advertise and sell the INFRINGING PRODUCT to consumers.

181.    As a result of the above-described conduct, Defendants have been, and will continue to be, unjustly enriched in profits, income, and ill-gotten gains at the expense of Plaintiff PPI and consumers in California and the United States.

182.    As a further result of the above-described conduct, Plaintiff PPI has been, and will continue to be, unjustly deprived of the full value of the goodwill associated with Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

BILLION DOLLAR BROWS TRADEMARK.

183.   The wrongful acts of Defendants, as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff PPI, its business, its reputation, and its goodwill.

184.   Plaintiff PPI has no adequate remedy at law for the injuries that have been or will continue to be sustained in this action.

**TENTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA**

**BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.***

**BY PLAINTIFF PPI AGAINST ALL DEFENDANTS**

185.   Plaintiff PPI realleges each and every allegation set forth in Paragraphs 1 through 184, inclusive, and incorporates them by reference herein.

186.   Defendants, as alleged herein, have committed acts of unfair competition, as defined by California Business and Professions Code §§ 17200, *et seq*.

187.   The acts and business practices described herein constituted and constitute a common course of unfair competition by means of unfair, unlawful, and/or fraudulent business acts or practices within the meaning of the Unfair Competition Laws ("UCL"), as well as the common law of the State of California, including, but in no way limited to, the following:

   Unlawful:   Defendants' acts and business practices as described above are unlawful and fraudulent on numerous grounds including, but not limited to, they constitute: the infringement of Plaintiff PPI's trademark rights.

   Unfair:        Defendants' acts and business practices as described above are unfair since they violate California's public policy against unjustly enriching one party at the expense of another.  Plaintiff PPI's injuries resulting from the above-described conduct, in particular the use and exploitation of Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS TRADEMARK to steal consumers is substantial; the injury is not outweighed by any

offsetting consumer or competitive benefits of that practice. As set forth above, even if the conduct were not specifically unlawful, it violates the spirit or policy of the law as it has been established by statute, common law, and industry practice or otherwise.

188. Plaintiff PPI is entitled to restitution of any monies obtained by Defendants as a direct and legal result of the violations of the UCL and common law.

189. The wrongful acts of Defendants as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff PPI.

190. Plaintiff PPI has no adequate remedy at law for the injuries that have been or will continue to be sustained.

191. Plaintiff PPI has incurred, and will continue to incur, litigation expenses, as well as court costs, as a direct, proximate, and legal result of Defendants' wrongful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff PPI prays that this Court enter judgment in its favor and against Defendants as follows:

**ON THE FIRST, SECOND, AND THIRD CAUSES OF ACTION**

**(Trademark Infringement)**

1. That it be found Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS TRADEMARK has been infringed by Defendants' acts under 15 U.S.C. §§ 1114 and 1125;

2. That it be found Defendants, and each of them, have unfairly competed with Plaintiff in violation of 15 U.S.C. § 1125 and California Business and Professions Code §§ 17200, *et seq.*;

3. That it be found Plaintiff PPI is entitled to recover damages from Defendants, and each of them, for their acts of federal trademark infringement, dilution, and unfair competition, and these damages be trebled under 15 U.S.C. § 1117(b) because Defendants' acts have been willful, and Plaintiff PPI be awarded its reasonable attorneys' fees;

4.    That it be found Plaintiff PPI is entitled to recover damages from Defendants, and each of them, for Defendants' acts of unfair competition and unjust enrichment, and Plaintiff PPI further recover punitive damages because Defendants' acts have been willful, fraudulent, oppressive, and/or malicious;

5.    That Defendants, and each of them, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active concert or participation with them now and in the future, be enjoined from:

    a.    Using any combination, reproduction, counterfeit, copy, or colorable imitation of the RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS TRADEMARK  in connection with the advertising, distribution, offering for sale, or sale of cosmetics products, the same or similar to those offered by Plaintiff PPI, or likely to be confused with those of Plaintiff PPI, or likely to injure Plaintiff PPI's business, reputation, or the reputation of the RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS TRADEMARK ;

    b.    Using any combination, reproduction, counterfeit, copy or colorable imitation of the RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS TRADEMARK in any manner likely to cause confusion, to cause mistake, or to deceive the public;

    c.    Selling, offering to sell, advertising, promoting, or passing off, inducing, or enabling others to sell, offer to sell, advertise, promote, or pass off any cosmetic products similar to those provided by Plaintiff PPI under a name or mark the same as or similar to Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS TRADEMARK;

    d.    Committing any acts calculated to cause customers or consumers to believe that Defendants' products are approved, licensed, sponsored by, or endorsed

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

by Plaintiff PPI;  and

e.    Otherwise competing unfairly with Plaintiff PPI in any manner, including, but not limited to, infringing usage of Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS TRADEMARK , or any confusingly similar marks.

6.    That Defendants, and each of them, be required to deliver up to Plaintiff PPI for destruction, any and all materials which infringe Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS TRADEMARK in Defendants' possession and/or under their control;

7.    That Defendants be required to deliver up to Plaintiff PPI for destruction, any and all catalogs, circulars, and other printed material in Defendants' possession and/or under their control displaying or exploiting Plaintiff PPI's RAISING BROWS TRADEMARK, BILLION DOLLAR BEAUTY, AND BILLION DOLLAR BROWS TRADEMARK ;

8.    That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiff PPI, within thirty (30) days of the entry of injunction prayed for herein, a written report, under oath or affirmed under penalty of perjury, setting forth in detail the form and manner in which it has complied with the ordered permanent injunction; and

9.    Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FOURTH CAUSE OF ACTION
### (Common-Law Trademark Infringement (Passing Off))

10.    For an order granting permanent injunction enjoining Defendants, and all persons acting in concert with them, from using the Plaintiff Marks or any confusingly similar designations—including in book titles, headings, hashtags, captions, keywords, metatags, sponsored posts, paid search, social media advertising, event branding, and "gift with purchase" or other promotional pairings—in any manner that is likely to cause confusion, mistake, or deception as to source, sponsorship, or affiliation;

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

11.    An order requiring Defendants to engage in corrective advertising sufficient to dispel the confusion caused by their unlawful conduct, in a form and manner approved by the Court;

12.    An order for impoundment and destruction (or reasonable disposition) of all materials bearing the Infringing Designations within Defendants' possession, custody, or control, including digital advertising assets and promotional materials;

13.    An award of Plaintiff PPI's compensatory damages according to proof, together with Defendants' profits attributable to the infringement, unjust enrichment, and/or a reasonable royalty, in an amount to be proven at trial;

14.    An award of punitive and exemplary damages for Defendants' willful and malicious misconduct;

15.    An award of costs of suit, pre- and post-judgment interest, and such other and further relief as the Court deems just and proper.

**ON THE FIFTH CAUSE OF ACTION**

**(Intentional Interference with Prospective Economic Advantage)**

16.    For compensatory damages, including lost profits and other economic losses proximately caused by Defendants' interference, in amounts to be proven at trial;

17.    For punitive and exemplary damages due to Defendants' willful and malicious conduct;

18.    For injunctive relief enjoining Defendants, and all persons acting in concert with them, from engaging in commercial advertising or promotion that uses Plaintiff PPI's TRADEMARKS or any confusingly similar designations—including in paid search/keywords, sponsored posts, social media advertising, metatags, event branding, and "gift with purchase" or other promotional pairings—and from otherwise interfering with Plaintiff PPI's Prospective Business Relationships;

19.    For disgorgement of Defendants' profits and/or restitution to the extent permitted by law;

20.    For costs of suit, pre- and post-judgment interest as allowed by law; and

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

37

**COMPLAINT**

21.    For such other and further relief as the Court deems just and proper.

## ON SIXTH CAUSE OF ACTION

### (Negligent Interference with Prospective Economic Relations)

22.    For compensatory damages, including lost profits and other economic losses proximately caused by Defendants' negligent interference, in amounts to be proven at trial;

23.    For injunctive relief enjoining Defendants, and all persons acting in concert with them, from engaging in negligent <u>commercial</u> advertising or promotion that uses Plaintiff PPI's TRADEMARKS or any confusingly similar designations—including in paid search/keywords, sponsored posts, social media advertising, metatags, event branding, and "gift with purchase" or other promotional pairings—and from otherwise interfering with Plaintiff PPI's Prospective Business Relationships;

24.    For disgorgement of Defendants' profits and/or restitution to the extent permitted by law;

25.    For costs of suit, pre- and post-judgment interest as allowed by law; and

26.    For such other and further relief as the Court deems just and proper.

## ON SEVENTH CAUSE OF ACTION

### (Trade Dress Infringement)

27.    For an order granting permanent injunction restraining and enjoining Defendants, and all persons acting in concert with them, from manufacturing, marketing, advertising, selling, or offering for sale the BROW WIZ LIMITED EDITION or any other product or packaging that is confusingly similar to the RB PEN TRADE DRESS, and from otherwise using the RB PEN TRADE DRESS or any imitation thereof;

28.    An order requiring Defendants to recall, deliver up for destruction (or reasonable disposition), or redesign all infringing products, packaging, labels, advertising, promotional materials, and digital assets bearing or depicting the infringing trade dress;

/ / /

/ / /

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

29.    An award of Plaintiff PPI's actual damages and Defendants' profits attributable to the infringement, together with trebling or other enhancement as permitted by law, in amounts to be proven at trial;

30.    An award of corrective advertising sufficient to remedy confusion and restore the distinctiveness of the RB PEN TRADE DRESS, in a form and manner approved by the Court;

31.    An award of costs of suit, pre- and post-judgment interest, and, in exceptional circumstances, reasonable attorneys' fees as permitted by 15 U.S.C. § 1117; and

32.    Such other and further relief as the Court deems just and proper.

## ON EIGHTH CAUSE OF ACTION
### (Common-Law Unfair Competition)

33.    For an order granting permanent injunction enjoining Defendants, and all persons acting in concert with them, from engaging in any acts of unfair competition, including using Plaintiff PPI's TRADEMARKS or any confusingly similar designations in advertising, metatags, paid search/keywords, social media, or event branding; from manufacturing, marketing, or selling products or packaging confusingly similar to the RB PEN TRADE DRESS; and from otherwise passing off or misappropriating Plaintiff PPI's goodwill;

34.    An order requiring Defendants to recall, deliver up for destruction (or reasonable disposition), or redesign all products, packaging, labels, advertising, promotional materials, and digital assets that embody or depict confusingly similar designations or the RB PEN TRADE DRESS;

35.    An award of Plaintiff PPI's compensatory damages according to proof, together with Defendants' profits attributable to their unfair competition, unjust enrichment, and/or a reasonable royalty, in amounts to be proven at trial;

36.    An award of punitive and exemplary damages for Defendants' willful and malicious misconduct;

BERSTEIN LAW, PC
4000 MacArthur Boulevard, Suite 600 East Tower
Newport Beach, California 92660

BERSTEIN LAW, PC
4000 MACARTHUR BOULEVARD, SUITE 600 EAST TOWER
NEWPORT BEACH, CALIFORNIA 92660

37.     An award of corrective advertising sufficient to dispel confusion and restore the distinctiveness of Plaintiff PPI's TRADEMARKS and RB PEN TRADE DRESS, in a form and manner approved by the Court;

38.     An award of costs of suit, pre- and post-judgment interest as allowed by law; and

39.     Such other and further relief as the Court deems just and proper.

## ON THE NINTH CAUSE OF ACTION

### (Violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

40.     For an order enjoining Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

41.     For an order that Defendants restore to the general public all funds acquired through their schemes of economic and business duress which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

42.     For attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure §1021.5;

43.     For an award of damages according to proof at the time of trial; and

44.     For such other and further relief at law or in equity, which the Court deems just and proper.

## ON THE TENTH CAUSE OF ACTION

### (Unfair Competition in Violation of

### California Business & Professions Code §§ 17200, *et seq.*)

45.     For an order enjoining Defendants from engaging in acts which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

46.     For an order that Defendants restore to the general public all funds acquired through their infringing activities which are unlawful, fraudulent, unfair, and deceptive within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

**COMPLAINT**

47.    Attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure §1021.5;

48.    For an award of restitution according to proof at the time of trial; and

49.    Such other and further relief at law or in equity, to which the Court deems just and proper.

Dated:  October 13, 2025

BERSTEIN LAW, PC

David A. Berstein

David A. Berstein
J.R. Dimuzio
Kia Mojabe
Attorneys for Plaintiff
Petunia Products Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  October 13, 2025

BERSTEIN LAW, PC

David A. Berstein

David A. Berstein
J.R. Dimuzio
Kia Mojabe
Attorneys for Plaintiff
Petunia Products Inc.